IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) Case No. CIV-22-133-D |
| v. | )<br>) |
| DAVID GRACE CONSTRUCTION INC., *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**O R D E R**

Before the Court is Plaintiffs' Motion for Summary Judgment [Doc. No. 17], filed pursuant to Fed. R. Civ. P. 56. Plaintiffs Ohio Security Insurance Company and The Ohio Casualty Insurance Company seek a determination in their favor on the issue of insurance coverage presented in this declaratory judgment case. Defendant Wilmer P. Orjuela, as administrator of the Estate of Analyssa C. Orjuela, is the only defendant who has appeared in the case.[1] He opposes the Motion, which is fully briefed. *See* Def.'s Resp. Br. [Doc. No. 24]; Pl.'s Reply Br. [Doc. No. 25]; Def.'s Surreply Br. [Doc. No. 27].

**Factual Background**

In this diversity action, Plaintiffs seek a declaratory judgment regarding coverage under two commercial insurance policies issued to David Grace Construction, Inc. for a claim regarding the death of Defendant's wife in an automobile accident that occurred November 14, 2018. The policies were in effect at the time of the accident, which

---

[1] As the only active defendant, all references to "Defendant" mean Wilmer P. Orjuela.

involved a collision between two vehicles travelling eastbound on interstate highway I-44 near Newcastle, Oklahoma: a Ford F350 pickup truck driven by Michael Morris; and an automobile driven by Ponce G. Eduardo a/k/a Eduardo P. Garcia. The decedent, Analyssa C. Orjuela, was driving a third vehicle that was travelling westbound on I-44 and was struck by a metal toolbox that was ejected from the bed of the Ford pickup in the collision.

Defendant brought a wrongful death action in state court against Plaintiffs' insured (David Grace Construction) and Eduardo P. Garcia. Plaintiffs provided a defense for David Grace Construction, which prevailed by a summary judgment ruling of the state district court. In the summary judgment motion, David Grace Construction asserted that it did not own the Ford truck, which was sold to an individual in January 2015, and that the purchaser installed the toolbox that struck Mrs. Orjuela. The state court order has been appealed, and the appeal remains pending. *See Orjuela v. David Grace Constr., Inc.*, Case No. CJ-2019-704, Order Granting Def.'s Mot. Summ. J. (Okla. Cnty., Okla. Sept. 20, 2022), *appeal filed*, No. S.D. 120787 (Okla. Civ. App. Oct. 20, 2022).

At the close of discovery in this case, Plaintiffs filed the instant Motion seeking a declaration of noncoverage, that is, a determination that they have no duty to defend or indemnify David Grace Construction in the underlying lawsuit (should the judgment be reversed on appeal). Plaintiffs present facts and arguments to show that no coverage exists under the insurance policies at issue because both contain an auto liability exclusion that bars coverage for Defendant's wrongful death claim.[2]

---

[2] Plaintiffs also make a conclusory argument that David Grace Construction did not own the Ford truck on the date of the accident and has no liability in the wrongful death case. In

Defendant's briefs are silent regarding the auto liability exclusion of the policies. Defendant instead argues that Plaintiffs have waived or are estopped to deny coverage due to their conduct (such as delay in filing this action) and the conduct of the attorneys hired to defend David Grace Construction in the underlying lawsuit (who operated under a conflict of interest and did not provide a robust defense).[3]  Alternatively, Defendant urges the Court to exercise its discretion to defer or delay a declaratory judgment ruling until the underlying litigation is finally resolved.  *See* Resp. Br. at 11-12.  Because Defendant concedes "the coverage exclusion was not involved in the state court action" (Surreply Br. at 4), the Court finds no need to await the outcome of the underlying litigation to decide the applicability of the exclusion.

## Standard of Decision

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party.

---

response, Defendant argues that, contrary to the state district court's ruling, David Grace Construction may be held liable for Mrs. Orjuela's death because it legally owned the truck at the time of the accident (due to a lack of transfer of title) and because it may be responsible for faulty installation of the toolbox.  *See* Resp. Br. at 4-6; Surreply Br. at 4.  The Court need not address these contentions to resolve the insurance coverage issue.

[3]  Defendant also argues that a finding of waiver or estoppel would be warranted if Plaintiffs failed to issue a reservation of rights letter to David Grace Construction.  Plaintiffs show in reply that this argument is unfounded.  *See* Reply Br. at 6-7 and Ex. 1 [Doc. No. 25-1].

3

*Id.* at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id.*

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); *see* Fed. R. Civ. P. 56(c)(1)(A). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## Statement of Facts

The basic facts regarding the traffic accident that tragically killed Mrs. Orjuela, stated *supra*, are undisputed. On the date of the accident, David Grace Construction was insured under two insurance policies issued by Plaintiffs, respectively, a commercial general liability (CGL) policy and a commercial umbrella policy. Both policies covered an insured's liability to pay damages for "bodily injury" – and obligated Plaintiffs to defend a suit seeking such damages – subject to enumerated exclusions. One exclusion of the CGL policy expressly provides:

> This insurance does not apply to . . . :
>    *  *  *
> **g. Aircraft, Auto or Watercraft**
> "Bodily injury" . . . arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured . . . .

*See* Def.'s Mot. Summ. J. at 7-8 (quoting Compl., Ex. 2 [Doc. No. 1-2] ("CGL Policy"), pp.25, 27 (ECF numbering)). The CGL Policy defines "auto" to mean "[a] land motor vehicle, trailer, or semitrailer designed for travel on public roads, including any attached machinery or equipment . . . ." *Id.* at 8 (quoting CGL Policy, p.37). "'Bodily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." *See* CGL Policy, p.37.

Similarly, the umbrella policy contained an auto liability exclusion endorsement stating: "This insurance does not apply to:   Any liability arising out of the ownership, maintenance, use or entrustment to others of any 'auto.'   Use includes operation and 'loading' or unloading.'" *See* Def.'s Mot. Summ. J. at 9 (quoting Compl., Ex. 3 [Doc. No. 1-3], p.33 (ECF numbering)). The umbrella policy adopts the meaning of "auto" from the CGL policy.

## Discussion

Oklahoma law follows well-settled rules concerning insurance policies.[4] "An insurance policy is a contract. If the terms are unambiguous, clear and consistent, they are

---

[4] Generally, Oklahoma law governs the issue of coverage under an insurance policy issued in Oklahoma. *See Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 797 (Okla. 1991). The parties agree in this case that Oklahoma law applies.

to be accepted in their ordinary sense and enforced to carry out the expressed intentions of the parties." *Phillips v. Estate of Greenfield*, 859 P.2d 1101, 1104 (Okla. 1993); *see BP America, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 148 P.3d 832, 835 (Okla. 2005); *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991). If the language of a contract is unambiguous, "the court is to interpret it as a matter of law," and "[w]hether a contract is ambiguous . . . is a question of law for the courts." *Pitco Prod. Co. v. Chaparral Energy, Inc.*, 63 P.3d 541, 545 (Okla. 2003) (footnotes omitted). No ambiguity in the insurance contracts in this case is urged by any party.

Oklahoma's statutory rules of construction establish that: the language of a contract governs its interpretation, if the language is clear and explicit and does not involve an absurdity (Okla. Stat. tit. 15, §§ 154, 155); a contract is to be taken as a whole, giving effect to every part if reasonably practicable, each clause helping to interpret the others (*id*. § 157); a contract must receive such an interpretation as will make it operative, definite, reasonable, and capable of being carried into effect (*id*. § 159); and words of a contract are to be given their ordinary and popular meaning (*id*. § 160). Finally, under Oklahoma law, the insurer bears the burden to prove that a loss falls within the scope of an exclusionary clause. *See Fehring v. Universal Fidelity Life Ins. Co.*, 721 P.2d 796, 799 (Okla. 1986).

Under the undisputed facts of this case, the Court finds that Plaintiffs have carried their burden to establish that the auto liability exclusion of the policies applies to bar coverage for the underlying wrongful death lawsuit. The lawsuit plainly seeks to recover for bodily injury to Mrs. Orjuela arising out of the ownership, maintenance, or use of an auto, as those terms are defined by the policies. In Oklahoma, "arising out of" requires

only causation in fact; the phrase is given a broad reading that requires some causal connection but not proximate cause. *See Fed. Ins. Co. v. Tri-State Ins. Co.*, 157 F.3d 800, 804 (10th Cir. 1998); *accord C.L. Frates 7 Co. v. Westchester Fire Ins. Co.*, 728 F.3d 1187, 1189 (10th Cir. 2013). Thus, unless Defendant shows some reason why the policies should not be enforced, Plaintiffs are entitled to a summary determination of noncoverage, as sought by their Complaint.

Defendant argues in opposition to the Motion that some waiver or estoppel doctrine should prevent Plaintiffs from denying coverage. Defendant relies primarily on the principle that an insurer may be estopped to deny coverage based on misconduct or negligence of the attorneys who represented the insured in the underlying case. *See* Resp. Br. at 6-11. Here, Defendant argues that the attorneys hired to represent David Grace Construction operated under a conflict of interest and failed to provide a proper defense. This argument is based on a view that the defense of David Grace Construction on the ground of nonownership of the Ford pickup was adverse to the insured's interest because it would also defeat insurance coverage. The Court is not persuaded by this argument and finds it unsupported by the legal authorities cited in Defendant's brief. Therefore, the Court finds no basis to avoid the auto liability exclusion of the insurance policies.

## Conclusion

For these reasons, the Court finds that Plaintiffs are entitled to summary judgment on the claims asserted in the Complaint for Declaratory Judgment: Plaintiff Ohio Security Insurance Company has no obligation under the CGL Policy to defend, indemnify, or otherwise provide any insurance coverage for Defendant David Grace Construction, Inc.

in the underlying lawsuit; and Plaintiff The Ohio Casualty Insurance Company has no obligation under the umbrella policy to defend, indemnify, or otherwise provide any insurance coverage for Defendant David Grace Construction, Inc. in the underlying lawsuit.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Summary Judgment [Doc. No. 17] is **GRANTED**.   A separate judgment shall be entered accordingly.

**IT IS SO ORDERED** this 19th day of May, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge